UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SENTRY INSURANCE A MUTUAL
COMPANY,

                     Plaintiff,

-against-

BUDGET SERVICES, INC., et al.,

                     Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**11-CV-3966 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of plaintiff's discovery-related application, see Letter Motion to Compel (Dec. 19, 2011) ("Pl. Letter"), ECF Docket Entry ("DE") #16, and defendants' response thereto, see Letter of Response (Dec. 21, 2011) ("Def. Response"), DE #17.

      As an initial matter, defendants are correct that plaintiff's application, which concerns discovery issues, should have been addressed to the undersigned magistrate judge, not to the District Judge assigned to the case. See Def. Response at 1. In fact, at the initial conference held last month, this Court expressly instructed the parties on the proper procedure for seeking judicial resolution of discovery disputes.

      Plaintiff's request that the Court order defendants to respond to Document Requests served on defendants on October 28, 2011 is denied as moot, as defendants reportedly served their responses on December 20, 2011, see Def. Response at 1 -- after plaintiff filed its motion to compel.

The Court rejects defense counsel's criticism of plaintiff's counsel for having failed to "simply pick up the phone and call" defense counsel about the outstanding discovery. See Def. Response at 1. As detailed in plaintiff's letter to the Court, the uncontroverted record reflects that when defense counsel ignored the discovery deadlines on several occasions, it was plaintiff's counsel who initiated communications and accommodated defense counsel's request for additional time. See Pl. Letter at 1-2 & Ex. D thereto. Therefore, plaintiff should not be faulted for finally seeking judicial intervention when, once again, defendants failed to serve responses to plaintiffs' Document Requests, or to request yet another extension, by the agreed-upon December 16th deadline.

As for the deposition of defendant Weber, the Court orders that he be produced for his deposition on January 10, 2012.

Finally, at this time, the Court declines to sanction defense counsel for his derelictions. However, all parties are warned that further delays and violations will not be tolerated.

        **SO ORDERED.**

**Dated:**    Brooklyn, New York
             December 23, 2011

                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**